Susan D. Pelmulder #234731
Charles B. Perkins #126942
Rose Perkins Pelmulder, APA
125 E. Sunnyoaks Ave, STE 100
Campbell, CA 95008
(408) 399 – 4566
(408) 399 – 6683 fax
sue@pelmulder.com
cbperk@earthlink.net

Attorneys for Plaintiff, Sheila Frauenholtz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Sheila Grace Frauenholtz,<br><br>     Plaintiff,<br><br>vs.<br><br>Hartford Life and Accident Insurance Company,<br><br>     Defendant. | Case No.  22-cv-8953<br><br>Complaint for damages<br>(29 U.S.C. §1132(a)(1)(B)) |

Plaintiff alleges as follows:

1. Plaintiff, Sheila Grace Frauenholtz, is an individual former employee of Alaska Airlines, Inc.

2. Plaintiff is informed and believes that Defendant, Hartford Life and Accident Insurance Company ("Hartford") is a stock company organized and existing under and by virtue of the laws of the State of Connecticut, and is an insurance company duly authorized to transact the business of insurance in the State of California.

3. The IAMAW Air Transport District Lodge 142 is a union for qualified employees of Alaska Airlines, Inc.

4. The IAMAW Air Transport District Lodge 142 Disability Income Insurance Plan ("Plan") is a union sponsored employee benefit plan established pursuant to the Employee Retirement Income Security Act of 1974, *29 U.S.C. §1001, et seq.* ("ERISA").

5. Long term disability benefits provided pursuant to the Plan are insured by Hartford under Policy # GLT696963 (the "Policy"). The Policy was issued to the IAMAW Air Transport District Lodge 142 as policyholder.

6. Decisions respecting payment of long term disability benefits due under the Plan and responses to appeals of denials of long term disability benefits are made by Hartford, which is the claims administrator for the Plan.

7. This court has original jurisdiction of this matter under *29 U.S.C. §1132(e)* as an action brought pursuant to *29 U.S.C. §1132(a)(1)(B)*.

8. The Plan provides benefits to Plan beneficiaries in the above-captioned judicial district.

9. The actions complained of herein occurred while Plaintiff resided in Santa Clara County.

10. Venue is proper as Defendant may be found in this district, and as Plaintiff resides in Santa Clara County.

11. Plaintiff became an employee of Alaska Airlines, Inc., on or about May 26, 1990, with a title of Airport Customer Service Lead Agent.

12. In conjunction with her employment at Alaska Airlines, Inc., Plaintiff became a member of IAMAW Air Transport District Lodge 142 and a Beneficiary of the Plan. The Plan provides for the payment of benefits under the Hartford policy if Plan Beneficiaries become disabled, defined in relevant part as follows:

> **Disability** or **Disabled** means You are unable to earn:
> 1) during the Elimination Period and the 36 month(s) following the Elimination Period, more than 80% of Your Indexed Pre-disability Earnings at Your own job; and

2) after that, more than 80% of Your Indexed Pre-disability Earnings from any employer in Your Local Economy at Any Occupation.

If You have been assigned to and are performing a Light Duty Assignment during the Elimination Period, such assignment will count towards the satisfaction of the Elimination Period, whether or not You have satisfied the 80% of Your Pre-disability Earnings test set forth above.

Your Disability must result from.

    1) accidental bodily injury;

    2) Sickness;

    3) Mental Illness;

    4) Substance Abuse; or

    5) pregnancy.

Your failure to pass a physical examination required to maintain a license to perform the duties of Your occupation, alone, does not mean that You are Disabled.

11. On or about March 5, 2015, Plaintiff became partially disabled from her occupation due to injuries to her feet. She was put on light duty with reduced hours, and met the Plan's definition of disability.

12. Plaintiff made a claim for disability benefits under the Plan, her claim was accepted by Hartford, and Plan benefits were paid.

13. On or about September 25, 2019, Plaintiff's physical restrictions and limitations progressed to the point that she became disabled from performing light duty work in her own occupation, and from working in any occupation.

14. On or about October 2, 2019, Hartford denied Plaintiff's claim for long term disability benefits. Hartford agreed that she had restrictions and limitations, and that she was disabled from her own occupation, but contended she could work as a skip tracer.

15. On or about March 26, 2020, Plaintiff submitted her appeal from the denial of her claim to Hartford.

16. On or about May 12, 2020, the Social Security Administration found that Plaintiff had become totally disabled as of September 27, 2019, and Hartford was advised of that fact.

17. Plaintiff's Workers' Compensation case was settled with Alaska Airlines agreeing that she was 100% disabled. The Workers' Compensation Judge approved the settlement by Order dated August 16, 2021; and Hartford was provided with copies of the settlement papers.

18. Over the course of her appeal, Plaintiff provided Hartford with treatment records and reports from 12 doctors who examined her and found her to have disabling limitations. Plaintiff also provided Hartford with an expert Vocational Evaluation that found that, even if she had the physical capacity to perform the occupation of ship tracer (which she does not), she does not have the training or vocational background to support most of the skills required to execute the tasks of a skip tracer.

19. On or about October 27, 2021, Hartford denied Plaintiff's appeal. Hartford continued to contend that she could work as a skip tracer.

20. As a result of the actions of Hartford, acting as the Plan's Claims Administrator, Plaintiff has been wrongfully deprived of the long-term disability benefits to which she is entitled as a disabled beneficiary of the Plan.

21. By appealing from the denial of her claim, Plaintiff has exhausted the administrative remedies available to her under the Plan.

22. Plaintiff has performed all of the actions required of her to obtain benefits due under the Plan.

23. Plaintiff's benefits due under the Plan are $3,067.94 per month, less any applicable offsets, with a minimum benefit of $460.19. Benefits are due from October 3, 2019, through the present, with a maximum benefit period to age 67.

24. Plaintiff is entitled to attorneys' fees and costs pursuant to *29 U.S.C. §1132(g)(1)*.

25. Pursuant to *29 U.S.C. §1132(a)(1)(B)*, Plaintiff brings this action to recover benefits due to her under the terms of the Plan, and to enforce her rights under the terms of the Plan.

WHEREFORE, Plaintiff prays judgment against Defendant, as follows:

1) For long term disability benefits due from approximately October 3, 2019 through the present, at the rate of $3,067.94 per month, less any applicable offsets, with a minimum benefit of $460.19, and interest on benefits owed;

2) For reasonable attorneys' fees and costs; and,

3) For such other and further relief as the Court may deem just and proper.

DATE: December 19, 2022                ROSE PERKINS PELMULDER, APA

                              By    /s/ Susan D Pelmulder
                                    SUSAN D. PELMULDER
                                    Attorneys for Plaintiff, Sheila Frauenholtz